**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

IN RE:

EFRON DORADO SE

Debtor

**CASE NO. 16-00283 (MCF)**

**CHAPTER 11**

## OPINION AND ORDER

Before the Court is Efron Dorado SE's ("Debtor") Motion for Stay Pending Appeal pursuant to Fed. R. Bankr. P. 8007 (Docket No. 193). For the reasons stated herein, the Motion for Stay Pending Appeal is denied.

### A.  Procedural History

On January 20, 2016, Debtor filed for bankruptcy relief under the provisions of Chapter 11 of the Bankruptcy Code. Debtor designated its case as a single asset real estate ("SARE") case as defined in 11 U.S.C. § 101(51B)[1] (Docket No. 1, at 2, item no. 7). Creditor PR Asset Portfolio 2013-1 International SUB I, LLC ("PRAPI") filed Proof of Claim No. 13 asserting a claim in the amount of $13,347,009.04 and secured by Debtor's shopping mall known as Paseo del Plata Shopping Center located in Dorado, Puerto Rico (the "Shopping Center").

On June 17, 2016, PRAPI filed a motion for relief from the automatic stay with respect to the Shopping Center premised on Debtor's failure to adequately protect PRAPI's interest in  the Shopping Center under § 362(d)(1); Debtor's lack of both necessity and equity with respect to

---

[1] Unless otherwise indicated, all statutory references are to title 11 of the United States Code, 11 U.S.C. §§ 101, et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8 (the "Bankruptcy Code").

-1-

the Shopping Center under § 362(d)(2); and the SARE provisions under § 362(d)(3) (Docket Nos. 92, 101, and 107).

On July 12, 2016, Debtor opposed alleging that it did not qualify as a SARE case because its real properties are segregated in three separate parcels (Docket No. 120). Debtor did not request nor raise its alleged entitlement to a new 30 day period to comply with the SARE requirements under § 362(d)(3) in the event the Court agreed with PRAPI. That same day, Debtor eliminated its SARE designation from the petition (Docket No. 119).

PRAPI filed a reply stating that Debtor had conducted itself as a SARE case since its inception of the bankruptcy filing and that it had continued to reaffirm its position as such throughout the case (Docket No. 131). Counsel for PRAPI brought the SARE status to the Court's attention at the status conference, and highlighted that the time-period under section 362(d)(3) had lapsed without Debtor having filed a plan of reorganization nor making interest payments to PRAPI (Docket No. 75). Debtor's SARE designation was reiterated by Debtor at a status conference hearing held by this Court on May 18, 2016. A month later, PRAPI moved for relief from stay under the SARE provisions.

The Court, held a hearing on October 18, 2016, to consider PRAPI's stay-relief motion in which both parties agreed that PRAPI's request for relief under § 362(d)(3) was a legal issue and not a factual one (Docket No. 178). At the hearing, the Court made the following conclusions:

> Pursuant to § 362(d)(3), single asset real estate ". . .means real property constituting a single property or project. . .which generates substantially all of Debtor's gross income of a debtor. . . and on which no substantial business is being conducted by a debtor other than the business of operating the real property and activities incidental thereto." 11 U.S.C. § 101(51B)
>
> The focus of the definition is not whether the case involves a "single asset" but rather whether the stay applies to "single asset real estate" held by a bankruptcy estate. In other words, does the Debtor have a single asset real estate?
>
> Debtor listed in its schedules the Shopping Center and two other real estate assets; a parcel of land identified in item 55.1 of

Debtor's schedule A as "Parcel A" and another parcel of land in item 55.2 identified as the "Hernandez Farm." The latter two real properties are not income producing but just raw land. The only property that produces income is the Shopping Center and that's where Debtor obtains substantially all its income. Debtor's shopping center is "real property constituting a single property or project. . .which generates substantially all the gross income of the Debtor."

The next inquiry into this analysis is whether Debtor operates other business activities other than the business of operating real property. Debtor has no other business activities other than operating the Shopping Center. Debtor listed Parcel A and the Hernandez Farm in its schedules. Debtor stated that it will sell a portion from Parcel A. That sale has not materialized. A sale alone does not represent this Debtor's gross income. It is incidental to owning this raw land. As to the remaining portions of Parcel A and the Hernandez Farm, Debtor has made no proffer that these properties are income producing. The way § 101(51B) is written suggests the present tense; what is happening currently is determinative and not what may happen in the future. The fact that these lands may be sold in the future or developed in the future does not rise to the level of satisfying the statute's requirement that it produce substantially all the income for the estate.

Debtor is a SARE case and therefore Debtor's shopping center property is the only property that is producing substantially all the Debtor's income.

Debtor had not made a payment to PRAPI nor has it filed a plan as required by § 362(d)(3). Due to its SARE status, it had to comply with the Bankruptcy Code's provisions.

After considering the matter with the motions filed on record and legal arguments of counsel, the Court terminated the stay with respect to the Shopping Center, pursuant to § 362(d)(3) (Docket No. 177). After the ruling was rendered, Debtor argued for the first time at the hearing that it was entitled to an additional 30 days to file a plan or start making payments to PRAPI.  After reviewing Debtor's brief, the Court inquired whether that argument had been previously raised.  Debtor admitted that it had not presented that argument in its brief.  The Court ruled that the argument had been waived and that the amended voluntary petition had not changed its true status. Subsequently, Debtor filed a notice of appeal and requested a stay pending an appeal which is now before the Court's consideration.

-3-

### B. Legal Discussion

In deciding whether to grant a motion requesting a stay pending appeal, the court must apply the standard for preliminary injunctive relief. Courts have substantial discretion under Fed. R. Bankr. P. 8007 to grant or deny a stay pending appeal on such terms as it may deem appropriate, subject to an abuse of discretion standard of review. In re Target Graphics, Inc., 372 B.R. 866 (E.D.Tenn. 2007). "A party seeking injunctive relief must prove: (1) a substantial likelihood of success on the merits; (2) a significant risk of irreparable harm if the injunction is withheld; (3) a favorable balance of hardships; (4) a fit. . .between the injunction and the public interest." Ralph v. Lucent Technologies, Inc., 135 F.3d 166, 167 (1st Cir. 1998). In the First Circuit, likelihood of success on the merits is the main consideration of the four-factor framework. Lack of such likelihood bars further inquiry into other requisites for injunctive relief. Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 102 F.3d 12, 16 (1st Cir. 1996).

### 1. Likelihood of success on the merits

Debtor argues that, on appeal, it is likely to succeed on the merits because: a) the case is not a SARE case; b) it has a statutory right to amend the SARE designation in its petition upon perceiving an error in its SARE designation; and c) the Court must allow Debtor to file a Plan within the 30-day period from the stay-relief hearing, pursuant to 11 U.S.C. § 362(d)(3).

### a. Debtor's right to amend its SARE designation

On the petition date, Debtor identified itself as a SARE case and Debtor kept that designation until it was faced with a motion for relief from stay for failure to file a plan or make payments to PRAPI as required by § 362(d)(3).

Section 362(d)(3) of the Bankruptcy Code provides that:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating. . .such stay—
> . . .

(3) with respect to a stay of an act against single asset real estate under subsection (a)**, by a creditor whose claim is secured by an interest in such real estate, unless, not later than the date that is 90 days after the entry of the order for relief (or such later date as the court may determine for cause by order entered within that 90-day period) or 30 days after the court determines that the debtor is subject to this paragraph, whichever is later**—
(A) the debtor has filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or
(B) the debtor has commenced monthly payments that—
(i) may, in the debtor's sole discretion, notwithstanding section 363(c)(2), be made from rents or other income generated before, on, or after the date of the commencement of the case by or from the property to each creditor whose claim is secured by such real estate (other than a claim secured by a judgment lien or by an unmatured statutory lien); and
(ii) are in an amount equal to interest at the then applicable nondefault contract rate of interest on the value of the creditor's interest in the real estate;

11 U.S.C. § 362(d)(3) (Emphasis added).

Debtor was subject to § 362(d)(3)'s provisions since its self-designation as a SARE case on January 20, 2016, the date the bankruptcy was commenced. Based on Debtor's selection, the statutory period for Debtor to either file a plan of reorganization or to commence making monthly interest payments to PRAPI was April 19, 2016, pursuant to the predicates of § 362(d)(3)(A) or § 362(d)(3)(B). Debtor did not comply with either Code provision before the time period elapsed. On June 17, 2016, PRAPI sought the termination of the stay with respect to the Shopping Center relying on Debtor's self-designation as a SARE case.

Debtor amended its voluntary petition to shed its SARE designation subsequent to PRAPI's filing of the stay-relief motion (Docket No. 119). No explanation was provided at the time, other than to choose a contrary position to oppose PRAPI's request for relief under § 362(d)(3). PRAPI properly asserted its stay-relief motion because Debtor had not filed a plan or started making payments to PRAPI. This amendment did not take away PRAPI's entitlement to raise § 362(d)(3) as a ground for relief. Debtor's own designation as a SARE case was

considered by all parties—including this court—as an admission of Debtor's status. Since the petition date 149 days had elapsed by the time PRAPI filed its stay-relief motion. By then, Debtor was statutorily required to comply with the SARE provisions of § 362(d)(3). Debtor should not be able to avoid its duties by simply amending its SARE designation, after the motion for relief of stay was filed.

Debtor argues that it has a right to amend its filings upon perceiving an error in its SARE designation. The Court agrees that Debtor may amend its filings to correct or amend previous statements in spirit of full disclosure, pursuant to Fed. R. Bankr. P. 1009(a); however, to the extent that Debtor's petition amendment proposes to erase the legal consequences of previous statements submitted under penalty of perjury, the Court disagrees. Debtor's original filings are still subject to consideration by courts as an evidentiary admission.[2] White v. ARCO/Polymers, Inc., 720 F.2d 1391, 1396 n. 5 (5th Cir.1983); In re Bohrer, 266 B.R. 200, 201 (Bankr. N.D. Cal. 2001). Debtor should not be able to shed its SARE designation and block a stay-relief motion and acquire more time to act when it is clear from that from petition date that it had only one income producing real property. For this reason, the Court disallowed the amendment.

**b. Debtor's right to a new 30 day period to comply with § 362(d)(3) SARE requirements**

The Debtor argues that it has the right to a new 30-day period to comply with the predicates of § 362(d)(3)(A)-(B). Debtor never raised in its opposition brief to PRAPI's stay-relief motion whether, or why, its change in SARE designation entitled it to a new 30 day period to take action in the event that the Court agreed with PRAPI. Debtor waited to present this new

---

[2] Statements in bankruptcy schedules are executed under penalty of perjury, and when offered against a debtor, are eligible for treatment as judicial admissions. In re Plourde, 418 B.R. 495, 505 (B.A.P. 1st Cir. 2009)(citing In re Bohrer, 266 B.R. 200, 201 (Bankr. N. D. Cal. 2001)); In the Matter of Gervich, 570 F.2d 247, 253 (8th Cir. 1978). Likewise, a Debtor's self-designation as a type of case in its petition under the definitions of 11 U.S.C. § 101 is done under penalty of perjury. In re Roots Rents, Inc., 420 B.R. 28, 40–41 (Bankr. D. Idaho 2009). "A debtor may not adopt a cavalier attitude toward the accuracy of his [filings] by arguing that they are not precise and correct." In re Duplante, 215 B.R. 444, 447 n. 8 (9th Cir. BAP 1997).

defense after the Court terminated the stay in favor of PRAPI and, thus, failed to put the Court or PRAPI on notice. For this reason, the Court considers this argument waived by Debtor.

Nonetheless, Debtor is judicially estopped from obtaining this outcome. Debtor's amended petition does not change the nature of its designation and it is prohibited from changing its position according to the exigencies of the moment.

Judicial estoppel is an equitable doctrine that "prevent[s] a litigant from taking a litigation position that is inconsistent with a litigation position successfully asserted by him in an earlier phase of the same case or in an earlier court proceeding." Perry v. Blum, 629 F.3d 1, 8 (1st Cir. 2010). The purpose of the doctrine is "to protect the integrity of the judicial process. . .by prohibiting parties from deliberately changing positions according to the exigencies of the moment." New Hampshire v. Maine, 532 U.S. 742, 749-50 (2001)(Citations omitted). Courts typically invoke judicial estoppel when a litigant tries to play fast and loose with the courts. RFF Family Partnership, LP v. Ross, 814 F.3d 520, 527–28 (1st Cir. 2016). Courts may raise the issue of judicial estoppel sua sponte "because judicial estoppel concerns the integrity of the judicial system independent of the interests of the parties." In re Airadigm Communications Inc., 616 F.3d 642, 661 n. 14 (7th Cir. 2010); Intellivision v. Microsoft Corp., 784 F. Supp. 2d 356, 373 (S.D.N.Y. 2011), aff'd, 484 F. App'x 616 (2d Cir. 2012); In re Rehman, 479 B.R. 238, 244 (Bankr. D. Mass. 2012). Detrimental reliance by the opponent of the party against whom the doctrine is applied is not a necessary factor. Rehman, 479 B.R. at 244; Jethroe v. Omnova Solutions, Inc., 412 F.3d 598, 600 (5th Cir.2005).

Debtor initially chose a position in this proceeding that led PRAPI to move for the termination of the stay with respect to the Shopping Center that secures its claim, pursuant to § 362(d)(3). The time periods specified in § 362(d)(3) went by during Debtor's SARE designation. Once PRAPI's motion for relief from stay was imminent, it shifted to a contrary position by

shedding its SARE designation. This change in position should not avail it from complying with § 362(d)(3)'s predicates during the time it conducted itself as such. Debtor's change of designation appears to be a self-serving attempt to preserve the automatic stay after failing to either file a plan or commence payments within the 90-day period following the petition date. Given the history of the case, accepting Debtor's position now would grant it an unfair enlargement of the time period for Debtor to act in accordance with § 362(d)(3).

### c. Debtor's SARE status

For the reasons stated by this Court at the hearing, PRAPI is entitled to relief from the automatic stay with respect to the Shopping Center—Debtor's real estate property whence its income is substantially derived. Debtor did not demonstrate that its initial SARE designation was incorrect. The Court agreed with PRAPI that as of the petition date, Debtor had correctly designated itself as a SARE case. As stated above, Debtor's amended voluntary petition did not change its status as a SARE case.

### C. Conclusion

Insomuch as Debtor failed to meet the burden of demonstrating likelihood of success on the merits, the Court need not entertain other factors to consider the stay of this Court's order pending appeal. The Court denies Debtor's request for a stay of the order granting PRAPI relief under § 362(d)(3).

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 17th day of November, 2016.

_Mildred Cabán_

MILDRED CABAN FLORES
U.S. Bankruptcy Judge

-8-